

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 11 CR 887-3 |
| v. | Judge Ronald A. Guzman |
| DIMITRIS TERRY,<br>   also known as, "D" | |

## STIPULATION

The United States of America, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, through Assistant United States Attorney PETER S. SALIB, and defendant DIMITRIS TERRY, individually and by his attorney, BEAU BRINDLEY, hereby agree and stipulate as follows:

At trial, the government would present evidence and testimony, which if believed, would indicate that beginning at least as early as in or about the spring of 2011, and continuing to on or about December 21, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant Dimitris Terry, also known as "D," conspired with Andre Garcia, Jr., also known as "Poppy," and others knowingly and intentionally to possess with intent to distribute and to distribute a controlled substance, namely, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and defendant committed this offense while on release pursuant to Title 18, United States Code, Chapter 207, in violation of Title 18, United States Code, Section 3147.

More specifically, at trial, the government would present evidence and testimony, which if believed, would indicate that starting in approximately the spring of 2011, Mr. Terry assisted co-defendant Johnson in obtaining wholesale quantities of heroin that Johnson would resell to other customers for a profit. Mr. Johnson shared those profits with Mr. Terry. Mr. Terry brokered wholesale heroin deals for Mr. Johnson on at least four occasions. On these occasions, Mr. Johnson was provided with at least 50 grams of heroin, which he then resold for profit. Mr. Terry received approximately $10 in profit for each gram Johnson sold in these transactions.

Additionally, at trial, the government would present evidence and testimony, which if believed, would indicate that between mid-summer 2011 and approximately November 2011, Johnson ordered larger amounts of heroin from defendant for resale to Johnson's customer. During this time frame, Johnson ordered heroin from defendant on at least five occasions, in amounts of at least 200 grams of heroin each time. For these transactions, Johnson ordered the heroin from defendant and defendant instructed co-defendant Garcia to deliver the heroin to Johnson at Johnson's residence. Garcia agreed to deliver the heroin to Johnson. After receiving the heroin from Garcia, Johnson resold the heroin to Johnson's customer. After each of these transactions, Johnson met with defendant and paid defendant for the heroin. For these transactions, defendant charged Johnson approximately $80 per gram of heroin understanding that Johnson intended to sell it to his customer for $90 per gram.

Also, at trial, the government would present evidence and testimony, which if believed, would indicate that a few days prior to December 21, 2011, Johnson contacted defendant and indicated that he wished to purchase 1.5 kilograms of heroin because he had a specific customer to whom he could resell this amount for a profit. The defendant indicated to Mr. Johnson that the price for the 1.5 kilograms of heroin would be $90,000. Johnson agreed to sell the heroin and then pay back the money owed after the sale. Codefendant Garcia delivered the approximately 1.5 kilograms of heroin from defendant to co-defendant Johnson at his residence on the evening of December 20, 2011.

At trial, the government would present evidence and testimony, which if believed, would indicate that the next morning, December 21, 2011, Johnson called defendant and requested to purchase another 200 grams of heroin. Defendant and Johnson agreed that the sale of these 200 grams would be handled in the same manner as the 1.5 kilogram sale was handled on the previous day.

At trial, the government would present evidence and testimony from federal agents asserting that defendant made a post-arrest statement in which he admitted to his participation in the distribution of heroin to Michael Johnson and to the fact that he agreed with Andre Garcia, Jr. to participate in that distribution of heroin. Federal agents would also offer testimony regarding evidence obtained from a search of Mr. Terry's residence.

From approximately mid-June 2011 through December 21, 2011, defendant was on court-ordered release, pursuant to Title 18, United States Code, Chapter

207, pending sentencing in a federal criminal case in the United States District Court for the Northern District of Ohio, Case Number 11 CR 109.

The parties agree that, if all of the above evidence is presented to the judge at trial, it is sufficient to prove the defendant's guilt beyond a reasonable doubt.

SO STIPULATED THIS DATE: 7/8/14

_____
PETER S. SALIB
Assistant United States Attorney

_____
BEAU BRINDLEY
Attorney for Defendant

_____
DIMITRIS TERRY
Defendant