1

```
                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
           Plaintiff,             )
                                  )
  v.                              )  No. 11 CR 887-3
                                  )
DIMITRIS TERRY,                   )
also known as "D,"                )  Chicago, Illinois
                                  )  July 8, 2014
           Defendant.             )  2:00 p.m.

         TRANSCRIPT OF PROCEEDINGS - STIPULATED BENCH TRIAL
              BEFORE THE HONORABLE RONALD A. GUZMAN


APPEARANCES:

For the Plaintiff:          HON. ZACHARY T. FARDON
                            United States Attorney
                            BY:  MR. PETER S. SALIB
                            Assistant United States Attorney
                            219 South Dearborn Street
                            Suite 500
                            Chicago, Illinois  60604
                            (312) 353-5300

For the Defendant:          LAW OFFICES OF BEAU B. BRINDLEY
                            BY:  MR. BEAU B. BRINDLEY
                            53 West Jackson Boulevard
                            Suite 1410
                            Chicago, Illinois  60604
                            (312) 765-8878
```

Nancy C. LaBella, CSR, RMR, CRR
Official Court Reporter
219 South Dearborn Street, Room 1222
Chicago, Illinois  60604
(312) 435-6890
NLaBella.ilnd@gmail.com

```
1        (Proceedings had in open court:)
2               THE CLERK:  11 CR 887-3, United States of America v.
3    Dimitris Terry.
4               MR. SALIB:  Good afternoon, your Honor.  Peter Salib
5    on behalf of the United States.
6               MR. BRINDLEY:  Good afternoon, your Honor.  Beau
7    Brindley on behalf of Dimitris Terry, who is in custody and
8    present.
9               THE COURT:  Good afternoon.
10              So we're going to proceed by way of stipulated bench
11   trial today?
12              MR. SALIB:  That's correct, Judge.
13              MR. BRINDLEY:  Yes, your Honor.
14              MR. SALIB:  If the Court will allow us to.
15              THE COURT:  I've got to go back about 500 years,
16   stipulated bench trial.
17              I just received your written stipulation.  The
18   indictment contained two or three counts?
19              MR. SALIB:  Yes, Judge.
20              THE COURT:  Are you proceeding on all of them?
21              MR. SALIB:  No.
22              THE COURT:  Which one?
23              MR. SALIB:  Just Count One.
24              THE COURT:  Okay.  It doesn't say that in here.
25              MR. SALIB:  My apologies, your Honor.
```

1 THE COURT: So after the conclusion of the stipulated
2 bench trial, you are going to --
3 MR. SALIB: We would --
4 THE COURT: -- dismiss the other two counts?
5 MR. SALIB: We would proceed to sentencing. And then
6 at the conclusion of sentencing, we would dismiss the
7 remaining counts in the indictment.
8 THE COURT: All right. Let's see if we can get this
9 done.
10 MR. SALIB: Judge, I have the executed documents,
11 both the waiver of jury trial and the stipulation signed and
12 executed.
13 THE COURT: Sure.
14 (Tendered.)
15 THE COURT: Paragraph 1(a) of the jury trial waiver
16 refers to a "she." I assume you mean that to be "he"?
17 MR. SALIB: That is correct, your Honor.
18 MR. BRINDLEY: Yes, your Honor.
19 MR. SALIB: That's a typographical error on my part.
20 THE COURT: It will be deemed so amended.
21 I think, just to make the record clear, let us put
22 Mr. Terry under oath. Raise your right hand, sir.
23 (Defendant sworn.)
24 THE COURT: Mr. Terry, your attorney indicates that
25 it's your intention to proceed today with a stipulated bench

1  trial as to Count One of the second superseding indictment; is
2  that correct?
3          THE DEFENDANT:  Yes, it is, your Honor.
4          THE COURT:  You've discussed this with your attorney?
5          THE DEFENDANT:  Yes, I have.
6          THE COURT:  And you're agreeing to proceed by way of
7  a stipulated bench trial because, after discussing it with
8  him, you think it's the best thing for you to do?
9          THE DEFENDANT:  Yes, sir.
10         THE COURT:  Do you have any --
11         THE DEFENDANT:  Yes, your Honor.
12         THE COURT:  -- questions for the Court about what
13 you're doing?
14         THE DEFENDANT:  No.
15         THE COURT:  I want to go over a few things with you
16 before we proceed to assure myself that you understand what
17 you're doing here today.
18         First, please state your full name.
19         THE DEFENDANT:  Dimitris Terry.
20         THE COURT:  And where were you born, sir?
21         THE DEFENDANT:  Chicago, Illinois.
22         THE COURT:  How old are you?
23         THE DEFENDANT:  42 years old.
24         THE COURT:  And how far did you go in school?
25         THE DEFENDANT:  Finished high school, a couple of

1  semesters of college.

2      THE COURT: So you read and write the English

3  language, correct?

4      THE DEFENDANT: Yes, your Honor.

5      THE COURT: Have you been treated recently for any

6  mental illness or addiction to narcotic drugs of any kind?

7      THE DEFENDANT: No, I haven't.

8      THE COURT: Are you right now under the influence of

9  any drugs, medication, or alcoholic beverages of any kind?

10      THE DEFENDANT: No, I'm not.

11      THE COURT: Count One of the second superseding

12  indictment alleges that beginning in -- at least as early as

13  in or about the summer of 2011 and continuing to on or about

14  December 21, 2011, at Chicago, in the Northern District of

15  Illinois, Eastern Division, and elsewhere, Andre Garcia, Jr.,

16  and Dimitris Terry did conspire with each other and others

17  known and unknown to the grand jury to knowingly and

18  intentionally possess with intent to distribute and to

19  distribute a controlled substance, namely, one kilogram or

20  more of a mixture and a substance containing a detectable

21  amount of heroin, a Schedule I controlled substance, in

22  violation of Title 21, United States Code, Section 841(a)(1)

23  and 846; and that during the commission of the offense, you

24  committed the offense while on release pursuant to 18, United

25  States Code, Chapter 207, in violation of 18, United States

1  Code, Section 3147.
2          Is that the offense to which you are proceeding to
3  trial on today, sir?
4          THE DEFENDANT: Yes, it is.
5          THE COURT: Now, a stipulation between attorneys is
6  nothing more than an agreement by the attorneys that the Court
7  can consider the facts being stipulated to as true for
8  purposes of the trial.
9          The stipulation you've entered into stipulates that
10 certain witnesses would testify to certain evidence; and by
11 stipulating to that, the attorneys are stipulating that I may
12 consider that those witnesses would indeed have testified to
13 that if you had gone to a trial.
14         Do you understand that?
15         THE DEFENDANT: Yes, sir.
16         THE COURT: You are agreeing then that the
17 stipulation that has been entered into between the attorneys
18 may be considered by me in deciding whether you are guilty or
19 innocent of Count One of the second superseding indictment,
20 correct?
21         THE DEFENDANT: Yes, your Honor.
22         THE COURT: The offense in Count One of the second
23 superseding indictment is a felony offense; and because of
24 that, if, after reviewing the stipulation and considering it,
25 I were to find you guilty, this may deprive you in the future

1   of valuable civil rights in addition to any sentence that I
2   might impose, such as the right to vote, the right to hold
3   public office, the right to serve on a jury, and the right to
4   possess any kind of a firearm.
5           Do you understand that?
6           THE DEFENDANT: Yes, your Honor.
7           THE COURT: Will the assistant United States attorney
8   inform, for the record, the defendant of the maximum penalty
9   he faces if convicted of Count One of the second superseding
10  indictment.
11          MR. SALIB: Yes, your Honor. The maximum penalty
12  under this charge is ten years -- sorry -- life imprisonment
13  with a statutory mandatory minimum of ten years; up to a
14  $10 million fine; a minimum of five years and up to life of
15  supervised release; and a $100 special assessment.
16          In addition, your Honor, because the defendant
17  committed this offense while on release pursuant to the
18  section stated in the stipulation, he's subjected to an
19  additional maximum of ten years imprisonment consecutive to
20  the sentence imposed on the Count One, the conspiracy charge.
21          THE COURT: So there's actually a mandatory minimum
22  of 20 years?
23          MR. SALIB: No. There's a mandatory minimum of ten.
24  Any sentence in addition, because of the release violation,
25  could be up to ten years additional; but there's no mandatory

1  minimum.  But whatever sentence your Honor imposes has to be
2  consecutive to the first sentence.
3          THE COURT:  Right.  But -- and the first sentence
4  contains a mandatory minimum of ten years?
5          MR. SALIB:  That's correct.
6          THE COURT:  So effectively the sentence would be
7  20 years mandatory minimum in this case because of his having
8  taken a plea -- that he -- or because he did this while he was
9  on supervised release?
10         MR. SALIB:  If your Honor would sentence the
11 defendant to an additional ten years for committing it while
12 on release, that would be 20.  But your Honor's discretion on
13 the second portion can be zero to ten years.
14         MR. BRINDLEY:  It would be -- it doesn't have to be
15 ten years.  It's --
16         THE COURT:  Understood.
17         MR. BRINDLEY:  It's not mandatory I think is what
18 we're saying.
19         MR. SALIB:  Correct.
20         THE COURT:  Understood.  Okay.
21         I want to make sure you understand, sir, that by
22 agreeing to proceed in the manner of a stipulated bench trial,
23 you're going to be giving up certain constitutional and
24 statutory rights that you have.
25         Under the Constitution and laws of the United States,

1  you have the right to have your case heard and decided by a
2  jury of 12 persons.  Both you and your attorney would be able
3  to participate in selecting the jury of 12 people.  And in
4  order to convict you, that jury would have to unanimously
5  agree that the government had proven you guilty beyond a
6  reasonable doubt.  If you agree to proceed in the manner of a
7  stipulated bench trial, you are giving up your right to a jury
8  trial.  There will be no jury and there will be no verdict.
9       Do you understand that?
10      THE DEFENDANT:  Yes, your Honor.
11      THE COURT:  In addition, in a criminal case, you also
12 have the right to see and hear all of the witnesses who will
13 testify against you and to have them cross-examined in your
14 defense.  By agreeing to a stipulated bench trial, that means
15 there will be no witnesses, there will be no cross-
16 examination, and I will decide this case solely on the
17 stipulated testimony that is contained in the stipulation that
18 your attorney and the government have entered into.
19      Do you understand that?
20      THE DEFENDANT:  Yes, your Honor.
21      THE COURT:  Do you understand then by agreeing to
22 proceed in a stipulated bench trial, you're going to be
23 allowing me to decide, based upon that stipulation, whether
24 you are guilty or not guilty?
25      Do you understand that?

1      THE DEFENDANT:  Yes, your Honor.
2      THE COURT:  Very well.  I have before me here a
3 document entitled waiver of a jury trial.  It contains your
4 signature and that of your attorney.  Before signing this
5 document, did you review it with your attorney?
6      THE DEFENDANT:  Yes, your Honor.
7      THE COURT:  And you are satisfied you understand what
8 it means?
9      THE DEFENDANT:  Yes.
10     THE COURT:  Okay.  How do you wish to proceed?  Will
11 there be anything other than the stipulation?
12     MR. SALIB:  It will be just the stipulation, your
13 Honor.
14     MR. BRINDLEY:  Correct, your Honor.
15     MR. SALIB:  And at this time, the government would
16 mark and move that stipulation into evidence as signed and
17 executed.
18     MR. BRINDLEY:  Agreed.
19     MR. SALIB:  With that stipulation, your Honor, the
20 government rests.
21     THE COURT:  Defense?
22     MR. BRINDLEY:  Defense will present no evidence, your
23 Honor.
24     THE COURT:  Very well.  The Court has reviewed the
25 stipulation.  I find that it contains uncontroverted evidence

1  in support of each of the essential elements of the offense as
2  described in Count One of the second superseding indictment;
3  that the stipulated-to testimony is believable and reasonable,
4  uncontroverted; and based upon that, I find the defendant
5  guilty of Count One of the second superseding indictment.
6              We need a date for sentencing then.
7              MR. BRINDLEY:  Your Honor, I think the sentencing
8  will be rather lengthy.  I think there's going to be a
9  significant dispute over the quantity and some issues.  So for
10 your Honor's scheduling purposes, it's not going to be quick.
11             THE COURT:  Okay.
12             THE CLERK:  October 30th at 10:30.
13             MR. SALIB:  Your Honor, I'm on trial that entire
14 week.  If we could have the following?
15             THE CLERK:  I'm sorry.  And the following week?
16             MR. SALIB:  No, just -- if we could have the
17 following week.
18             THE CLERK:  We're on trial that week.
19             November 11th.
20             MR. SALIB:  Holiday.
21             THE CLERK:  That's a holiday.  Sorry.
22             November 10th.
23             MR. SALIB:  That's fine for the government, your
24 Honor.
25             MR. BRINDLEY:  That's fine for the defense, your

1  Honor.
2          THE CLERK: 10:30.
3          THE COURT: Okay. That will be the sentencing. If
4  you're going to have witnesses, I'd like to know beforehand.
5          MR. SALIB: Very well.
6          MR. BRINDLEY: Yes, your Honor.
7          THE COURT: Okay. That will be all. Thank you.
8          MR. BRINDLEY: Thank you.
9          MR. SALIB: Thank you, Judge.
10      (Which were all the proceedings heard.)
11                  *   *   *   *   *
12
13  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
14
15
    _/s/ Nancy C. LaBella_                    _May 15, 2018_
16  Official Court Reporter